**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America, ) | CR 12-0206-PHX-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) |  |
| Brice Thompson Little, ) |  |
| Defendant. ) |  |

Before the court is the government's motion to quash subpoena duces tecum (doc. 20), defendant's motion for discovery (doc. 23), the government's response (doc. 27), and defendant's reply (doc. 28).

Defendant is charged with second-degree murder and assault resulting in serious bodily injury arising from the death of 4-month old Jane Doe. During the investigation, defendant was given two polygraph examinations, during which he denied injuring the infant. Investigators told defendant that he had failed both tests. Shortly thereafter, defendant admitted to intentionally slamming Jane Doe's head into a night stand.

The government produced the results of the polygraph examinations, but it rejected defendant's request for copies of the polygraph charts underlying the two separate tests, explaining that the F.B.I. does not provide this information. Defendant then subpoenaed the F.B.I. directly for the charts. The government filed the motion to quash, arguing that the discovery request should be brought by a motion for discovery under Rule 16, Fed. R. Crim. P., rather than an *ex parte* subpoena. Defendant appears to have agreed, filing the instant motion for discovery rather than responding to the government's motion to quash.

1    Rule 16(a)(1)(E)(i) authorizes discovery from the government of documents "material to preparing the defense." Defendant must make a prima facie showing that the documents are material to his defense. "Neither a general description of the information sought nor conclusory allegations of materiality suffice." United States v. Santiago, 46 F.3d 885, 894 (9th Cir. 1995).

Here, defendant requests that the government disclose the polygraph charts for all examinations to which he was subjected. He states that the information is "material to preparing the defense and in preparation for an anticipated motion to suppress." Motion at 4. He explains that he wants to conduct an independent evaluation of the polygraph procedure, but he does not explain how an independent examination might be useful. The government, on the other hand, argues that it does not disclose the polygraph protocol, including questions, charts, reports and equipment, because it would provide future suspects with insight into the investigative process, thereby frustrating law enforcement efforts and compromising national security. Response at 7.

We conclude that defendant has not made the required prima facie showing of materiality under Rule 16. Defendant does not explain how the polygraphs charts might be material to his defense, particularly given that evidence related to the polygraph is not admissible. Although he argues that the charts are necessary to determine the credibility of his alleged confession, he does not explain how the accuracy of his initial denials of involvement in the infant's death would be relevant to his ultimate confession to the crime. We are simply left to speculate as to what defendant's strategy might be.

Because defendant has failed to show that the requested polygraph charts are material to his defense, **IT IS ORDERED DENYING** defendant's motion for discovery (doc. 23). **IT IS FURTHER ORDERED GRANTING** the government's motion to quash (doc. 20).

DATED this 30th day of July, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge